GUMERSINDO COLLAZO EL AL., demandantes y apelantes, *v.* PUIG & ABRAHAM, demandada y apelada.

Núm. 10146.—*Sometido:* Marzo 1, 1950. *Resuelto:* Junio 21, 1950.

*Víctor M. Bosch,* abogado de los apelantes; *Damián Monserrat, Jr.* y *Gabriel de la Haba,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

Los empleados de la demandada y apelada instaron acción contra ésta para reclamar el pago del día de descanso a que,

según ellos, tienen derecho de acuerdo con lo estipulado en los Convenios Colectivos firmados por la Unión que los representaba y la demandada. La reclamación incluye el período comprendido desde junio 1ro. de 1944 hasta el año 1947.

La tesis de los reclamantes es al efecto de que en junio de 1944 su Unión y la demandada, suscribieron un Convenio Colectivo, cuya Clásula Sexta disponía que todos los obreros o empleados permanentes del establecimiento, tendrían derecho a un día de descanso por cada seis de trabajo con salario íntegro desde la fecha en que se firmase dicho convenio. Disponía además, que en caso de que el obrero o empleado permaneciera trabajando su día libre, se le pagase de acuerdo con la escala de salarios que se fijare para empleados extras; y que los convenios colectivos celebrados para los años 1945 y 1946 reservaron al obrero o empleado su derecho al día de descanso con salario íntegro.

Los empleados demandantes devengaban un salario semanal y de conformidad con los convenios antes mencionados, disfrutaron de su día de descanso en cada semana. La cuestión a resolver es si en el salario semanal estaba incluído el salario correspondiente al día de descanso. La corte de distrito desestimó la demanda, y contra esa decisión se interpuso el presente recurso.

No hay controversia en cuanto a los hechos ni hay reclamación alguna por trabajo realizado el día de descanso. La cuestión se reduce a determinar si al pagarles el patrono la cantidad estipulada como salario semanal, satisfizo el día de descanso que según el convenio colectivo, debía pagarse. Examinando los distintos convenios colectivos firmados por este patrono y la Unión salta a la vista que el salario que debían recibir los obreros o empleados fué fijado a base de un tanto semanal, si bien los obreros o empleados tenían derecho a un día de descanso. Pero los empleados u obreros sostienen que como de acuerdo con dichos convenios, ningún obrero o empleado debería trabajar ni se le permitiría que trabajase más de seis días a la semana ni más de 48 horas

en una semana, ni más de 8 horas en un sólo día, el salario recibido cubría solamente los seis días de trabajo, y que por consiguiente, a la suma fijada como salario semanal, el patrono debe agregar el salario correspondiente al día de descanso.

A nuestro juicio no tienen razón los demandantes. En la cantidad fijada como salario semanal, están incluídos los siete días de la semana, si bien el obrero o empleado, en conformidad con los convenios colectivos tiene derecho a no trabajar durante un día a la semana sin que el patrono pueda descontarle el salario correspondiente a ese día.

Si adoptásemos la interpretación propugnada por los demandantes, recibirían éstos doble salario por el día de descanso y ésa no fué la intención de los contratantes.

En el presente caso los obreros o empleados, como hemos apuntado, recibieron la totalidad del salario semanal convenido sin que se les descontara el correspondiente al día de descanso que no trabajaron. Así, pues, no tienen derecho, por ese concepto, a reclamación alguna contra su patrono.

*Procede la confirmación de la sentencia.*